[No. 37636.    Department One.    April 29, 1965.]

FREE METHODIST CHURCH CORPORATION OF GREENLAKE, *Respondent and Cross-appellant,* v. OMAR BROWN *et al.,*
*Appellants.**

*Kleinberg, Young & Hoff* (*James C. Young,* of counsel),
for appellants.

*Thomas J. Isaac,* for respondent and cross-appellant.

HUNTER, J.—This is an action to recover damages for the removal of lateral support to certain real property owned by plaintiff (respondent and cross appellant), Free Methodist Church of Greenlake. The plaintiff acquired the property in August, 1960, from a Mrs. Shuck.

The record shows that the lateral support was removed on two occasions by one Omar Brown. He and his wife, the defendants (appellants), will be referred to in the singular. On both occasions in which lateral support was removed by the defendant, there was a crossing of the lot

*Reported in 401 P.2d 655.

line and an actual invasion by a bulldozing of the premises. The first occasion was in 1959 when the property was owned by Mrs. Shuck. The second occasion was in 1961 when it was owned by the plaintiff. The action was commenced more than 2 years after the 1961 invasion, but within 3 years thereafter. The plaintiff sought recovery for damage to the property from both invasions.

The trial court found the total depreciation to the property from the removal of lateral support to be in the amount of $5,000; $2,500 in 1959, and $2,500 in 1961. But it denied recovery for the damage to the property caused by the defendant in 1959, for the reason that the plaintiff was not then the owner of the land and that any cause of action then belonging to Mrs. Shuck had not been assigned to the plaintiff, her successor in interest. The trial court further held that since the removal of the lateral support in 1961 constituted an actual invasion of the plaintiff's property, it constituted a trespass, and the 3-year statute of limitations, RCW 4.16.080 (1), applied. The court awarded the plaintiff judgment for damages against the defendant for the depreciation of the plaintiff's property in the sum of $2,500.

█ The defendant appeals, contending that the trial court erred in applying the 3-year statute to the 1961 invasion. The defendant concedes that the invasion constituted both a trespass and a removal of lateral support, but argues that since the action brought was only for damages resulting from the removal of lateral support, the 2-year statute, RCW 4.16.130, applied.

The contention is without merit. Pleadings are deemed amended to conform with the proof. Rule of Pleading, Practice and Procedure 15, RCW vol. 0. On the basis of the trial court's findings, to which no error has been assigned, the trial court correctly applied the 3-year statute of limitations applicable to an action for trespass.

█ The plaintiff cross appeals, contending that the trial court erred in not awarding the plaintiff judgment for damages sustained in 1959. The plaintiff argues that it is entitled to recover for the 1959 damages under the 10-year

statute, RCW 4.16.020, despite the fact that ownership then was in its predecessor in interest, Mrs. Shuck. The statute is not applicable. It relates to the recovery of real property, or for the recovery of possession thereof, neither of which is involved here. Since the plaintiff had no interest in the cause of action accruing from the damages sustained in 1959, the trial court properly denied recovery for such damages.

The judgment of the trial court is affirmed. The parties will bear their own costs on this appeal.

ROSELLINI, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.